IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DOUG MARR,                              )
                                        )
              Plaintiff,                )       8:12CV18
                                        )
       v.                               )
                                        )
TIM DUNNING, Sheriff of                 )       SHOW CAUSE ORDER
Douglas County, Nebraska, in            )
his official capacity,                  )
DOUGLAS COUNTY, NEBRASKA, a             )
political subdivision,                  )
OMAHA-DOUGLAS COUNTY BUILDING           )
COMMISSION, and PAUL COHEN,             )
in his official capacity,               )
                                        )
              Defendants.               )
_____        )
```

        This matter is before the Court on defendants' joint motion to compel or, in the alternative, to dismiss (Filing No. 43, with index of evidence, Filing No. 44). The progression order issued by the Court in this case required that mandatory disclosures as described in Fed. R. Civ. P. 26(a)(1) be completed by December 17, 2012 (Final Progression Order, Filing No. 40). According to a letter dated January 16, 2013, submitted by defendants, they agreed to an extension for plaintiff Doug Marr to submit the mandatory disclosures "after Mr. Marr's attorney's law clerk returned from Christmas break" (Ex. 1, Filing No. 44). However, defendants state in their letter to Mr. Marr that they have not yet received the disclosures. Thus defendants now ask the Court to compel Mr. Marr to provide the Rule 26(a)(1) disclosures, or, alternatively, defendants move the Court to

dismiss the case due to plaintiff's failure to provide discovery. Mr. Marr did not respond to defendants' motion.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Nevertheless, "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or persistent failure to prosecute a complaint." *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotation omitted).

The Court notes that the initial complaint in this case was filed on January 11, 2012, well over a year ago. In addition, due to the filing of two amended complaints by Mr. Marr, a second scheduling conference was not held until October 23, 2012. Mr. Marr has apparently not complied with this Court's progression order requiring mandatory disclosures, and he did not file any response to the present motion filed by defendants. While dismissal is indeed a harsh sanction, the Court will have no choice but to do so unless Mr. Marr makes it plain that he intends to prosecute this case in a timely fashion. Accordingly,

IT IS ORDERED that plaintiff shall show cause, in writing, on or before March 15, 2013, why this action should not be dismissed with prejudice.

DATED this 5th day of March, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court